**NICOLETTI HORNIG & SWEENEY**
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
Attorney: Lawrence C. Glynn (LG-6431)
NH&S File No.:    00000806LCG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
METEOR AG, and its Interested Subrogated
Underwriters,

                Plaintiff,

-against-

HOFSTETTLER & CO. LTD. INTERNATIONAL
TRANSPORTS,

                Defendant.
------------------------------------------------------------x

**JUDGE CEDARBAUM**

**08 CV 3061**

Case No.:  08 Civ.         ( )

**COMPLAINT**



MAR 26 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Meteor AG ("Meteor") and its subrogated Underwriters (hereafter collectively referred to as "Plaintiff"), by its attorney, NICOLETTI HORNIG & SWEENEY, alleges upon information and belief, as follows:

### THE PARTIES

1.    Plaintiff, is a corporation and/or business entity existing under and pursuant to foreign law with an office and place of business located at Seestrasse 235, 8804 AU/ZH, Switzerland.

2.    Defendant, Hofstettler & Co. Ltd. International ("Hofstettler"), is a business entity and/or corporation existing under and pursuant to foreign law with an office and place of business at OH-4002 Basle, Switzerland and was at all material times engaged in the business of common carrier of cargo and/or the provision of services related to such carriage.

## JURISDICTION

3. Jurisdiction and venue over the parties and subject matter is appropriate under 28 U.S.C. §1331. There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

4. This cause of action arises under a treaty of the United States, specifically the Convention of the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934) reprinted in note following 49 U.S.C. §1502 (the "Warsaw Convention"), and certain amendment threto in effect in the countries of origin and destination on the date of shipment.

## FIRST CAUSE OF ACTION

5. This action involves wet damage to a coil winding machine and related parts and equipment which moved, or were intended to move, from Basle, Switzerland to El Paso, Texas, on a door-to-door basis as described more fully in the Hofstettler air waybill no. 023-0000-4886 dated June 27, 2006.

6. Said damage was the result of defendant's recklessness, wanton neglect, and willful misconduct in that defendant, its agents, servants, connecting carriers, subcontractors, terminal operators truck drivers, warehousemen and employees failed to properly receive, handle, protect, carry, transfer, deliver and care for the cargo in question and in that defendants had no proper and effective procedures to retrieve, handle, protect, carry, transfer, deliver and care for the cargo.

7. By reason of the foregoing, plaintiff was damaged in the amount of $58,828.40 together with interest and the costs of this action.

8. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

9. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "8" as though more fully set forth herein at length.

10. At all material times, defendant Hofstettler was charged with the exclusive care, custody and control over the aforementioned cargo.

11. Defendant, as bailee of the goods, owed Meteor the duty to safely and securely transport the cargo as agreed and to turn over the cargo to Meteor and/or its designated consignee in the same order and condition as originally received, at the conclusion of transit.

12. Defendant did not deliver the cargo in the same order and condition as required and breached its duty as bailee.

13. By reason of the foregoing, plaintiff was damaged in the amount of $58,828.40 together with interest and the costs of this action.

## THIRD CAUSE OF ACTION

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" as though more fully set forth herein at length.

15. Defendant, its agent, servant and/or employee, issued air waybill number 023-0000-4886 in connection with its agreement to transport and/or to arrange for transportation of the cargo from shipper's facilities in Basle, Switzerland to Meteor's consignee in El Paso, Texas.

16. While in the exclusive care, custody and control of defendant, the cargo was damaged at some point in time between Basle and Dallas, the airport of destination on the Hofstettler air waybill.

17. Defendant's failure to prevent the cargo from being damaged was a breach of their duties and obligation under the air waybill issued.

18. By reason of the foregoing, plaintiff was damaged in the amount of $58,828.40 together with interest and the costs of this action.

## FOURTH CAUSE OF ACTION

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" as though more fully set forth herein at length.

20. The loss and damage which occurred while in defendant's care, custody and control is a breach of defendants' joint and several duties and obligations under the Warsaw Convention 49 U.S.C. §40105, et seq. in that defendant is an air carrier who accepted the cargo in good order and condition but failed to deliver same to the consignee in good order and condition at destination.

21. By reason of the foregoing, plaintiff was damaged in the amount of $58,828.40 together with interest and the costs of this action.

WHEREFORE, plaintiff demands judgment on the First, Second, Third and Fourth Causes of Action against defendant for $58,828.40 with interest and cost of this suit.

Dated: New York, New York
    March 25, 2008

>Yours, etc.,
>
>**NICOLETTI HORNIG & SWEENEY**
>Attorneys for Plaintiff
>
>By: _/s/ Lawrence C. Glynn_
>Lawrence C. Glynn (LG 6431)
>Wall Street Plaza
>88 Pine Street
>New York, New York 10005
>(212) 220-3830
>NH&S File No.:    00000806LCG